**Shirley A. MOSSER**

v.

**THOMSON McKINNON SECURITIES, INC.**

**Civ. A. No. 85–3087.**

United States District Court, E.D. Pennsylvania.

July 14, 1986.

Paul A. McGinley, Allentown, Pa., for plaintiff.

Thomas M. Kittredge, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Plaintiff Shirley Mosser had been employed by Thomson McKinnon Securities, Inc. for approximately four years when, in June, 1984, she accepted for deposit into a client's account the personal check of an account executive. It later developed that the account executive had misappropriated the client's funds and was attempting to replace, prior to an internal audit, the money he had taken. Although it was believed that Mosser had innocently accepted the check and had no knowledge of the account executive's wrongdoing, her action was contrary to established office procedures and when her participation came to light she was discharged.

Mosser filed a six-count complaint in the Court of Common Pleas of Northampton County in the spring of 1984. Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441. Mosser alleged breach of an employment agreement, failure to follow established procedures relating to the discharge of employees found in an employment manual, intent to cause her harm, violation of public policy, defamation and invasion of privacy as claims entitling her to the recovery of compensatory and punitive damages from Thomson McKinnon for dismissing her for the reason and in the manner it did.

In July, 1985, this Court denied defendant's motion to dismiss in order to give the plaintiff the opportunity to adduce evidence to support the allegations of her complaint. Thomson McKinnon has now moved for summary judgment, contending that discovery has failed to demonstrate that there is any issue to be tried under applicable Pennsylvania law.

In response, plaintiff has abandoned all claims except for the averment that her discharge was contrary to public policy. Indeed, she explicitly accepts the statement of facts found in Thomson McKinnon's brief in support of its motion for summary judgment. Thus, she accepts Thomson McKinnon's contentions that she did not sign a contract stating that her employment would be for any specified length of time; that the only booklet she received relating to employment benefits provided no right to be employed for a specified period of time; that she had read and violated the provision of the Thomson McKinnon Branch Operations Manual related to cash handling procedures; that she never saw any handbook or manual setting forth certain conditions under which employees in her position could be discharged; and that she is unaware of any false communication concerning her discharge.

Since discovery has failed to substantiate any of the specific claims made in the complaint, plaintiff's only argument is that, "... [T]here is a clear public policy in having those persons committing crimes, and misfeasance and/or malfeasance, held accountable for their actions, while protecting the innocent parties". (Plaintiff's Memorandum of Law in Opposition to the Motion for Summary Judgment, Doc. # 15 at 4). Because Thomson McKinnon concedes that Mosser was not involved in the wrongdoing of the account executive, she contends that she is such an innocent party. Moreover, she also argues that her immediate superior, Stanley Novak, fired her to save his own job and implies that he

was somehow more culpable than she for the acceptance of the personal check. From these arguments she concludes that her discharge violated public policy.

■ Plaintiff has, however, failed to cite any authority for her position. According to the most recent pronouncement of the Pennsylvania Superior Court on the issue of the employment-at-will doctrine and exceptions thereto, there are only two recognized public policy constraints on employment-at-will in Pennsylvania: denial of employment on the basis of a conviction for which the offender has been pardoned and discharge of an employee for accepting jury service. *Banas v. Matthews International Corp.*, 348 Pa.Super. 464, 502 A.2d 637 (1985).

In holding that the law of Pennsylvania permits a cause of action for wrongful discharge, "where the employment termination abridges a significant and recognized public policy", *Novosel v. Nationwide Ins. Co.*, 721 F.2d 894, 898 (3d Cir.1983), the Court of Appeals for the Third Circuit also delineated the standard to be applied in determining whether an employment termination implicates a recognized public policy. The Court held that "a clearly mandated public policy" is one which "strikes at the heart of a citizen's social right, duties and responsibilities". *Id.* at 899 (Citation omitted).

As a federal court sitting in diversity jurisdiction, our function is to apply the law of Pennsylvania to the facts of this case, not to create a new cause of action. *Wolk v. Saks Fifth Ave., Inc.*, 728 F.2d 221 (3d Cir.1984). Neither is it our function to expand a recognized cause of action beyond the bounds established by the state courts.

The task of this Court, then, is to determine whether Mosser's termination was unlawful for public policy reasons. In doing so, we look to the general principle enunciated by the Court of Appeals and the specific circumstances in which Pennsylvania courts have allowed an action for wrongful discharge for public policy reasons.

■ We conclude that the public policy for which Mosser contends does not fall within the parameters identified in general terms by the Third Circuit and has not been specifically recognized by the Commonwealth of Pennsylvania. Moreover, while Mosser was an "innocent" party in the sense that she was not knowingly involved in the deception attempted by the account executive, in another sense she was not "innocent" in that she admittedly violated an established office procedure of which she had notice. Mosser's contention seems to be that because the manager of her office often disregarded certain other procedures contained in the Thomson McKinnon Branch Operations Manual and because she had received no formal training for her position the Court should declare it a violation of public policy for her employer to have enforced the cash handling procedure in her case. To so hold would excessively intrude upon private employment relationships and would impose a judicially defined "fairness" standard. Such a course is beyond the Court's proper role in these matters. Mosser did not lose her job for any reason touching upon her rights and duties as a citizen and, therefore, her termination was not a violation of public policy. Since she has now abandoned all other asserted claims which, in any event, she obviously cannot support, summary judgment will be granted in favor of the defendant.